GJS/mgv
03-288

Gary J. Sergent (0003031)
Counsel for Zurich American Insurance Company

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| ANTHONY ELSASS, ET AL. | : | CASE NO: C-1-00-0100 |
| **Plaintiffs** | : | (Judge Speigel) |
| vs. | : | |
| GENERAL ACCIDENT INSURANCE COMPANY, ET AL. | : | |
| **Defendants** | : | |

---

**MEMORANDUM IN SUPPORT OF DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

---

The Defendant, Zurich American Insurance Company, through counsel, submits the following Memorandum in Support of its Motion for Summary Judgement as to all of Plaintiffs' claims on the grounds that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.

**I.    FACTUAL SUMMARY OF THE CASE**

On January 17, 1998, Plaintiff Anthony Elsass allegedly sustained severe bodily injuries as the result of an automobile accident caused by the negligence of Lucious Lamar. (Second Amended Complaint and Jury Demand, Count I, paras. 7 & 8 ). As a result of the accident and injuries sustained, Mr. Elsass incurred both medical expenses and lost wages. (Second Amended Complaint and Jury Demand, Count I, paras. 9 & 10). Plaintiff Carol

Elsass, the wife of Mr. Elsass, alleges a loss of services, love, affection and consortium as a direct and proximate cause of Lamar's negligence. (Second Amended Complaint and Jury Demand, Count III, para. 18). Plaintiff settled his claim against Lamar for Lamar's entire policy limits. (Second Amended Complaint and Jury Demand, Count II, para. 15). Furthermore, Plaintiffs collectively executed a general release of Lamar from all liability for injuries sustained by Anthony Elsass. (Attached as Exhibit A). (This release is attached to Motion for Summary Judgment filed by Indemnity Insurance Company as Exhibit A).

On January 14, 2000, Plaintiffs instituted this action against General Accident Insurance Company, Pennsylvania General Insurance Company and CGW Insurance Company seeking recovery under the underinsured motorist (UIM) coverage policies issued by those Defendants for damages in excess of Plaintiffs settlement with Lamar. Plaintiff Anthony Elsass has a personal underinsured motorists coverage under an automobile policy issued by General Accident Insurance Company.

On October 30, 2001, Plaintiffs filed an Amended Complaint and Jury Demand adding Indemnity Insurance Company of North America (hereafter "Indemnity") as a defendant. (Amended Complaint and Jury Demand). Indemnity issued a blanket liability and automobile policy to Ashland Petroleum Company, Mr. Elsass' employer at the time of the accident. The Amended Complaint seeks UIM coverage under the policy issued to Ashland on an apparent Scott-Pontzer claim against Indemnity. Indemnity has filed its own motion for summary judgment in this action.

On April 7, 2003, Plaintiffs filed a Second Amended Complaint and Jury Demand adding Zurich American Insurance Company (hereafter "Zurich") as a defendant. Plaintiffs

seek UIM recovery from Defendant Zurich under the insurance policy issued to Catholic Health Initiatives by Zurich. It is not clear from the evidence produced how the policy issued by Defendant Zurich to Catholic Health Initiatives is applicable to Plaintiffs. In Defendant Zurich's first set of interrogatories submitted to Plaintiffs, Defendant Zurich requested Plaintiffs provide facts supporting their claim that Anthony Elsass was entitled to coverage under the policy of insurance issued by Defendant Zurich. (First Set of Interrogatories and Requests for Production of Documents Propounded to Plaintiffs, by Defendant, Zurich American Insurance Company, Interrogatories 7 & 8). No response to these interrogatories has yet been made.[1]

## II.    LEGAL ARGUMENT

Pursuant to FRCP 56, summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. ETW Corp. v. Jireh Publ'g, Inc., 332 F.3d 915 (6th Cir. 2003). In considering such a motion, the court construes all reasonable factual inferences in favor of the nonmoving party. Id. The central issue is whether the evidence presents a sufficient disagreement as to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Id.

### A.    DEFENDANT ZURICH AMERICAN INSURANCE COMPANY IS

---

[1] Plaintiff's counsel did produce a "medical binder" under cover letter dated May 2, 2003. Plaintiffs' counsel has subsequently informed counsel for Defendant Zurich that Mrs. Elsass is an employee of Bethesda Hospital which is an insured under the policy issued by Defendant Zurich to Catholic Health Initiative. Therefore, any coverage of Mr. Elsass under this policy can only arise under Scott-Pontzer v. Liberty Mut. Fir. Ins. Co. and its progeny.

**ENTITLED TO SUMMARY JUDGMENT AS PLAINTIFF ANTHONY ELSASS WAS NOT DRIVING A "COVERED AUTO" AS DEFINED BY THE INSURANCE POLICY ISSUED BY DEFENDANT ZURICH AMERICAN INSURANCE COMPANY.**

In <u>Scott-Pontzer v. Liberty Mut. Fire Ins. Co.</u>, 85 Ohio St. 3d 660 (1999), the Ohio Supreme Court implied UIM coverage into a Liberty Fire commercial automobile policy on the basis that its definition of an insured, which referred to "you", was ambiguous because the insured was a corporation. The court reasoned that "since a corporation can act only by and through real live persons" when the only named insured is a corporation, coverage is not limited solely to the corporate entity, but rather, is extended to the employees of the corporation. <u>Id.</u> at 664. The coverage under such a policy was later extended to include family members of the corporation's employees. <u>Ezawa v. Yasuda Fire & Marine Ins. Co.</u>, 86 Ohio St. 3d 557, 558 (1999). It is these decisions upon which Plaintiffs apparently rely in making their claims against Defendant Zurich. The policy issued by Defendant Zurich to Catholic Health Initiatives, a Colorado corporation states:

> **B. WHO IS AN INSURED**
>
> 1. You.
>
> 2. If you are an individual, any "family member".
>
> 3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.
>
> 4. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

Endorsement CA 21 33 06 95 B.1 & 2.

As previously discussed, Carole Elsass was allegedly an employee of Bethesda Hospital which is a named insured under the policy issued by Defendant Zurich. Therefore, under Scott-Pontzer, as the family member of an employee of a covered corporate entity, Anthony Elsass claims coverage as an "insured" under the policy issued to Catholic Health Initiatives.

However, even if it is determined that Anthony Elsass is an "insured" under the policy issued to Catholic Health Initiatives by Defendant Zurich, Plaintiffs are not entitled to UIM coverage under the policy as Anthony Elsass was not driving a "covered auto" at the time of the accident. The Business Coverage Part Declarations of the policy issued by Defendant Zurich contains the following language:

> **ITEM TWO-SCHEDULE OF COVERAGES AND COVERED AUTOS.**
>
> This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos." "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTOS Section of the Business Coverage From next to the name of the coverage.

Immediately below the above-quoted language, for underinsured motorist coverage, the symbol "6" appears. The symbol "6" is defined as:

> [o]nly those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement.

Endorsement CA 00 01 07 97. The "Schedule of Autos You Own" is filed with Catholic Health Initiatives policy. As Anthony Elsass was not driving a scheduled auto at the time of his accident, he is not entitled to UIM coverage under the policy issued by Defendant Zurich.

Nothing in Ohio law prohibits an insurance company from restricting coverage to automobiles specifically identified in that portion of the policy, that is, owned automobiles only. <u>Baughman v. State Farm Mut. Automobile Ins. Co.</u>, 88 Ohio St.3d 480 (2000). The Ohio statute provides:

\*   \*   \*

> (I) Any policy of insurance that includes uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under specified circumstances, including but not limited to any of the following circumstances:
>
> (1) While the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured, if the motor vehicle is not specifically identified in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy under which the uninsured motorist coverage, underinsured motorist coverage, or both uninsured and under-insured motorist coverages are provided

Ohio Rev. Code § 3937.18(I)(1).

Numerous Ohio courts have upheld "covered auto" provisions limiting UIM coverage. The Second Appellate District held that an insurer is permitted to draft its insurance policy to exclude coverage in a situation where the injured party was driving a person's car that was not covered under the insurer's policy. <u>Batteiger v. Allstate Ins. Co.</u>, 2002 Ohio 909 (2nd Dist. CA) (Attached as Exhibit B)**.** Recently, the Summit County Court of Common Pleas found

that even if the driver seeking UIM coverage was an insured under the insurance policy at issue, because she was not driving a covered auto listed on the policy's "Schedule of Covered Autos", the driver's claims were barred because she was not operating a covered automobile as required under the policy.  Flowers v. McNair (July 3, 2003), Summit County Court of Common Pleas Case No. CV 2002 09 5113.  (Attached as Exhibit C).

In Niese v. Maag, 2002 Ohio 6986 (3rd Dist. CA) (Discretionary Appeal Allowed, 98 Ohio St. 3d 1563), the Third Appellate District found that where an individual was not driving a "covered auto", even though he was an "insured" under the policy, he was not entitled to UIM coverage due to the policy exclusion.  (Attached as Exhibit D).  In Niese, the insurer argued that the "other owned auto" exclusion in the policy it issued to Niese's employer precluded Niese from recovering UIM coverage because he was driving a vehicle he owned which was not a covered auto.  Id.  The policy provided that "you" in the "other owned auto" exclusion referred to the "named insured" shown in the declarations.  Id. 2002 Ohio 6986 at 6.  Niese argued that since the term "you" referred only to the "named insured," the exclusion could not apply to him.  The appellate court rejected Niese's argument and held that the term "you" should be applied consistently throughout the policy, without differentiating between the "named insured" and employees of the "named insured."  Id. 2002 Ohio 6986 at 11.  In a factually similar case, the Ninth Appellate District reached the same decision as the court in Niese stating:

> We believe that to hold that "you" refers to both the "named insured" (i.e., the corporation) and the "insured" (i.e., the employee) only when the term is used in inclusions for coverage is not a result the Scott-Pontzer court envisioned when it concluded that the term "you" included a corporations employees.  Rather, the term "you" must be

>consistently applied in exclusions from coverage, as well as inclusions for coverage.

Mazza v. American Continental, 2003 Ohio 360 (9th Dist. CA) (Discretionary Appeal allowed, 99 Ohio St. 3d 1461) (Attached as Exhibit E).  As a result of this holding, the court found that while Mazza was an "insured" under Scott-Pontzer, she was not entitled to UIM coverage because she was not driving an automobile covered by the insurance policy issued by American Manufacturers Mutual Insurance Company to her employer.  Id.

Under this line of cases, although Anthony Elsass may claim to be an "insured" under the policy issued by Defendant Zurich to Catholic Health Initiatives, he is not entitled to UIM coverage under the policy as he was not driving a "covered auto" at the time of the accident. According to the deposition taken of Anthony Elsass by Defendant Indemnity and Defendant General Accident Insurance Company, at the time of the accident, Mr. Elsass was driving a car which was given to him by his employer Ashland Petroleum Company.  (Anthony Elsass Deposition taken December 10, 2002, [hereafter "Elsass Depo"] p. 6).  According to Mr. Elsass, the car was furnished to him as part of his job and was in his possession twenty-four hours a day.  (Elsass Depo, p. 5).  Mr. Elsass was using the car for personal purposes at the time of the accident.  (Elsass Depo., p. 6).  Furthermore, the accident report taken at the time of the accident lists Mr. Elsass as the owner of the car which he was driving at the time of the accident.  (Ohio Traffic Crash Report, 1/17/98, attached as Exhibit F).

Whether the car driven by Mr. Elsass at the time of the accident was owned by Ashland or by Mr. Elsass, the car was not listed on the "Schedule of Autos You Own" filed with Catholic Health Initiatives and was therefore not a "covered auto" under the insurance

policy issued by Defendant Zurich. Therefore, Plaintiffs are not entitled to UIM coverage under the policy issued by Defendant Zurich to Catholic Health Initiatives. Defendant Zurich is therefore entitled to judgment as a matter of law as there is no genuine issue of material fact.

    **B.**    **DEFENDANT ZURICH AMERICAN INSURANCE COMPANY IS ENTITLED TO SUMMARY JUDGMENT AS PLAINTIFFS FAILED TO COMPLY WITH THE "PROMPT NOTICE" REQUIREMENT OF THE INSURANCE POLICY ISSUED BY DEFENDANT ZURICH AMERICAN INSURANCE COMPANY.**

Even if it were to be determined that Anthony Elsass was driving a "covered auto" under the policy issued to Catholic Health Initiatives by Defendant Zurich, Plaintiffs are still not untitled to UIM benefits under the policy because Plaintiffs breached the "prompt-notice" provision of the policy. The policy issued by Defendant Zurich to Catholic Health Initiatives provides as follows:

> **E. CHANGES IN CONDITIONS**
>
> \*    \*    \*
>
> 2.    DUTIES IN THE EVENT OF ACCIDENT, CLAIM, SUIT OR LOSS is changed by adding the following:
>
> \*    \*    \*
>
> c.    A person seeking Uninsured Motorists Coverage must also promptly notify us in writing of a tentative settlement between the "insured" and the insurer of the vehicle described in paragraph **F.3.b.** [underinsured motor vehicle] of the definition of "uninsured motor vehicle" and allow us 30 days to advance payment to that insured in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such vehicle described in paragraph **F.3.b.** of the definition of an "uninsured motor vehicle".

Endorsement CA 21 33 06 95 E.2.c.

Notice provisions in insurance contracts serve numerous purposes. First, notice provisions allow the insurer to become aware of occurrences early enough that it can have a meaningful opportunity to investigate. Omet Primary Aluminum Corp. v. Employers Ins. Of Wausau, 88 Ohio St. 3d 292, 302 (2000). Furthermore, notice provisions provide the insurer with the ability to determine whether the allegations state a claim that is covered by the policy. Omet Primary Aluminum Corp., 88 Ohio St. 3d at 302-03.

The Supreme Court of Ohio has adopted the position that a failure of notice will serve as a material breach of the insurance contract, sufficient to deny coverage, only when there is unreasonable delay which is prejudicial to the insurer. Ferrando v. Auto-Owners Mut. Ins. Co., 98 Ohio St. 3d 186, 192 (2002). Unreasonable delay in the giving of notice may be presumed prejudicial to the insurer absent evidence to the contrary. Id. at 206, (citing, Ruby, 40 Ohio St. 3d 159 at 161). In Ferrando, the Supreme Court of Ohio held that when an insurer's denial of UIM coverage is premised on the insured's breach of a prompt-notice provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the insured's unreasonable delay in giving notice. Id. at 205-06. Furthermore, an insured's unreasonable delay in giving notice is presumed prejudicial to the insurer absent evidence to the contrary. Id.

The court in Ferrando laid out a two-step process for determining whether a prompt-notice provision has been breached. The court must first determine whether the insured's notice was timely. Id. at 208. This determination is based on whether the UIM insurer received notice "within a reasonable time in light of all the surrounding facts and

circumstances." Id. If the insurer did not receive reasonable notice, the next step is to determine whether the insurer was prejudiced as a result of the delayed notice. Id. As stated above, unreasonable notice gives rise to a presumption of prejudice to the insurer, which the insured bears the burden of presenting evidence to rebut. Id.

Plaintiff Anthony Elsass' alleged injuries were sustained on January 17, 1998. Plaintiffs settled with Lamar, the tortfeasor, on April 20, 1999. The suit against Defendant Zurich seeking UIM coverage was not filed until April 7, 2003, **over five years after the date of the accident and nearly five years after the settlement was entered into with Lamar**. This five-year delay in notifying Defendant Zurich of the claim is clearly "unreasonable in light of all the surrounding facts and circumstances." Plaintiffs filed their initial lawsuit in this case on January 14, 2000 and amended their Complaint in 2001. There is no evidence as to why Plaintiffs failed to provide notice to Defendant Zurich of the settlement with Lamar within a more narrow time frame than five years. Defendant Indemnity raised a similar "prompt-notice" defense in their Motion for Summary Judgment filed September 18, 2002.

Since it is clear that there was an unreasonable delay in giving notice of the claim to Defendant Zurich, the next step under Ferrando is to determine whether Defendant Zurich was prejudiced by the delay. Under Ferrando, Defendant Zurich is entitled to a presumption of prejudice. Plaintiffs have failed to produce any evidence which rebuts this presumption of prejudice. Therefore, Plaintiffs materially breached the "prompt notice" provision of the insurance policy issued by Defendant Zurich.

### III. CONCLUSION

For the foregoing reasons, Defendant Zurich respectfully requests this court to grant its Motion for Summary Judgment and dismiss Plaintiffs' claims for underinsured motorist coverage under the policy issued by Defendant Zurich to Catholic Health Initiatives.

Respectfully submitted,

s/Gary J. Sergent per electronic filing
GARY J. SERGENT (OH 0003031)
O'HARA, RUBERG, TAYLOR, SLOAN & SERGENT
25 Crestview Hills Mall Road, Suite 201
P.O. Box 17411
Covington, KY 41017-0411
(859) 331-2000
ATTORNEYS FOR ZURICH AMERICAN
    INSURANCE COMPANY

**CERTIFICATION**

I hereby certify that I have, this __3d___ day of _Nov._, 2003, mailed a copy of the foregoing pleading to the following attorneys of record:

Barry F. Fagel
Lindhorst & Dreidame
Suite 2300
312 Walnut Street
Cincinnati, OH 45202-4091
    Attorneys for Plaintiffs

Renee S. Filiatraut, Esq.
Christopher Mark Bechhold, Esq.
Thompson, Hine LLP
Suite 1400
312 Walnut Street
Cincinnati, OH 45202
    Attorneys for General Accident Insurance Company of America and Pennsylvania
    General Insurance Company and CGU Insurance Company

Joseph W. Gelwicks, Esq.
Rendigs, Fry, Keily & Dennis LLP
900 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202-3688
  Attorneys for Defendant, Indemnity Insurance Company of North America

            <u>s/Gary J. Sergent per electronic filing</u>
            GARY J. SERGENT
            O'HARA, RUBERG, TAYLOR, SLOAN & SERGENT

F:\docs\Elsass.zur\Memsupp.sj