UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY ELSASS, et al.,      :       NO. 1:00-CV-00100
                              :
       Plaintiffs,      :
                              :
     v.                  :          **ORDER**
                              :
                              :
GENERAL ACCIDENT INSURANCE  :
COMPANY, et al.             :
                              :
       Defendants.      :

This matter is before the Court on the Motion of Defendant Indemnity Insurance Company of North America ("IICNA") for Summary Judgment (doc. 20), Defendant IICNA' Supplement (doc. 21), Plaintiffs' Response and Cross Motion for Summary Judgment (doc. 31), IICNA's Reply (doc. 38), Plaintiff Anthony Elsass's Second Affidavit (doc. 42), Plaintiff's SurReply (doc. 46), IICNA's Supplemental Authorities and Affidavit (docs 47, 49, & 51). Also before the Court is Defendant Zurich American Insurance Company's Motion for Summary Judgment (doc. 55), and Zurich's Supplemental Memorandum in Support (doc. 56), to which Plaintiffs filed no response.

This case arises from the January 17, 1998 automobile accident between Plaintiff Anthony Elsass and Mr. Lucious Lamar (doc. 1). Elsass and his wife Carole Elsass brought their Complaint against the Defendant insurance companies seeking compensation for Mr. Elsass's injuries and Mrs. Elsass's loss of consortium (<u>Id</u>.).

The Court notes the Agreed Order of Dismissal submitted by the parties and entered by the Court on December 19, 2003 (doc. 57).   Such order dismissed all of the Defendants except Defendant Zurich American Insurance Company ("Zurich").   Consequently IICNA is no longer party to this action; its Motion for Summary Judgment is moot and is denied (doc. 20).

Defendant Zurich filed its Motion for Summary Judgment on November 3, 2003 (doc. 55).  Plaintiffs did not respond to Zurich's Motion, nor its argument that the Ohio Supreme Court's decision in Westfield Insurance Co. v. Galatis, No. 2002-0932, 2003 Ohio LEXIS 2817 (Ohio, November 5, 2003), limits Scott-Pontzer v. Liberty Mutual Fire Insurance Co., 85 Ohio St.3d 660, 710 N.E. 2d 1116 (1999), and overruled Ezawa v. Yasuda Fire and Marine Insurance Company of America, 86 Ohio St.3d 557, 715 N.E.2d 1142 (1999), so as to eliminate Plaintiffs' claims (Id.).   Nor have Plaintiffs responded to Zurich's argument under Ferrando v. Auto-Owners Mut. Ins. Co., 98 Ohio St. 3d 186, 192 (2002) that Plaintiffs failed to comply with the "prompt notice" requirement of the insurance policy by waiting five years before notifying Zurich of their claim (Id.).

In this case, Plaintiffs have asserted a claim against Zurich under the commercial automobile liability policy issued by Zurich to the employer of Carole Elsass.   The Court finds that Westfield Insurance clearly eliminates claims of Anthony Elsass under his wife's policy with Zurich.   No. 2002-0932, 2003 Ohio LEXIS 2817 *231.   However, as Plaintiffs have not responded to Zurich's Motion, and as the Zurich policy is not attached, it is

2

impossible to determine the scope of the policy's coverage, and
whether it might possibly encompass Carole Elsass's consortium
claims.   That said, the Court need not base its opinion as to
Carole Elsass's claims on <u>Westfield Insurance</u>, because the Court
finds under <u>Ferrando</u>, 98 Ohio St.3d 192 (three and a half year
delay in submitting claim found unreasonable, prejudicial to
insurer, and a material breach of the insurance contract), Carole
Elsass failed to give notice to Zurich within a reasonable time
period in light of all the surrounding facts and circumstances.
The suit against Zurich was filed some five years after the
accident.   Unreasonable notice gives rise to a presumption of
prejudice to the insurer, which the insured bears the burden of
presenting evidence to rebut.   <u>Ferrando</u>, 98 Ohio St. 3d at 208.
The insured in this case did not present any evidence to rebut the
presumption of prejudice to Zurich caused by her nearly five year
delay in providing the company notice of her claim.   Having
reviewed this matter, the Court finds no dispute as to any material
fact, and that Defendant Zurich is entitled to judgment as a matter
of law.   Fed. R. Civ. P. 56.   The Court therefore finds it
appropriate to dismiss Carole Elsass's claim on the basis that she
violated the prompt notice provision in Zurich's policy.

Accordingly, the Court DENIES as MOOT Defendant Indemnity
Insurance of North America's Motion for Summary Judgment (doc. 20),
and GRANTS Defendant Zurich American Insurance Company's Motion for
Summary Judgment (doc. 55).   The Court further DISMISSES this case
from the Court's docket.

3

SO ORDERED.

Dated: December 22, 2003          /s/ S. Arthur Spiegel

                                  S. Arthur Spiegel
                                  United States Senior District Judge